## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOMIAL AHMAD,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL STAFF CONGRESS<br>and DEBORAH BELL,<br><br>Defendants. | Case No.: 1:20-cv-02702-DLC<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

**WHEREAS,** the parties to the above-captioned matter seek the production of business and medical records which contain confidential, protectable and/or privileged information within the meaning of Rule 26 of the Federal Rules of Civil Procedure, as well other alleged confidential materials in addition to said records: and it appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information; and the parties, through counsel, having consented to the form and entry of this Discovery Confidentiality Order ("Order"), it is agreed and ORDERED as follows:

1.      Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains sensitive commercial information, including trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) sensitive personal data, such as personal identifiers, financial information, tax records and employer personnel records that contains private or confidential personal information; (c) medical or legal records, including medical files and reports; and which the producing party

1

otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and. If any party believes a document not described above should nevertheless be considered confidential, it may make application to the Court. Such application shall be granted only for good cause shown. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the designation: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.        Any party to this litigation and any third-party shall have the right to designate as "Highly Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Highly Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the designation : "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Highly Confidential").

All Confidential or Highly Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this litigation (hereinafter "this litigation"), shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in

Paragraphs 4.1 or 4.2, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

    4.1    Unless otherwise ordered by the Court, or permitted in writing by the designating party, a receiving party may disclose any information or item designated CONFIDENTIAL only to:

    a.    Counsel to a party;

    b.    Outside experts or consultants retained by counsel in connection with this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d.    The Court and court personnel;

    e.    Any witness or deponent may be shown or examined on any information, document or thing designated Confidential if the witness signs a non-disclosure agreement in the form attached hereto as Exhibit A;

    f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    g.    The parties. In the case of parties that are corporations or other business entities, "party" shall mean the officers, directors, and employees of the receiving

party;

4.2    Unless otherwise ordered by the Court, or permitted in writing by the designating party, a receiving party may disclose any information or item designated HIGHLY CONFIDENTIAL only to:

a.    Counsel to a party;

b.    Outside experts or consultants retained by counsel in connection with this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.    The Court and court personnel;

e.    Any witness or deponent may be shown or examined on any information, document or thing designated Highly Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, and if the witness signs a non-disclosure agreement in the form attached hereto as Exhibit A;

f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

Highly Confidential information shall only be disclosed to the individual parties and

4

the officers, directors and employees of the receiving party to whom disclosure is reasonably necessary to assist counsel in connection with this litigation.

5.     Confidential material shall be used only by individuals permitted access to it under Paragraphs 4.1 or 4.2. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.     Each party or non-party that designates information or items for protection under this Order must make good faith efforts to take care to limit any such designation to only those specific materials that qualify under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other Parties that it is withdrawing the mistaken designation and must provide new copies of the information or items that were mistakenly designated without the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" markings. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive a producing party's right to secure protection under this Order for such material. Upon timely correction of a failure to designate, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.     With respect to any depositions that involve a disclosure of Confidential or Highly Confidential material of a party to this action, such party shall have until thirty (30) days after

receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Highly Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in subparts (a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in subparts (a), (b), (c), (d) and (f) of Paragraphs 4.1 and 4.2 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3, 4.1 and 4.2.

8.      If counsel for a party receiving documents or information designated as Confidential or Highly Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Highly Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer

in good faith in an effort to resolve the dispute.

(b)   If a dispute as to a Confidential or Highly Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1 (a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.      All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

10.      If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Highly Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

11.      To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Highly Confidential under this Discovery

Confidentiality Order.

12.      When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing, party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13.   No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Highly Confidential material under this Discovery Confidentiality Order.

14.      This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.      This Discovery Confidentiality Order shall survive the termination of this litigation and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16.      Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Highly Confidential material and to destroy, should such source so

request, all copies of Confidential or Highly Confidential material that contain and/or constitute attorney work product

as well as excerpts, summaries and digests revealing Confidential or Highly Confidential material; provided,

however, that counsel may retain complete copies of all transcripts and pleadings including, any exhibits attached

thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party

requests the return of Confidential or Highly Confidential material from the Court after the final conclusion of the

litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion

seeking such relief.

17. A receiving party may use Confidential or Highly Confidential material disclosed in this litigation only

for prosecuting, defending, or attempting to settle this litigation, and for no other purposes or client and neither for nor

in connection with any other dispute, litigation or potential, contemplated or anticipated litigation or dispute.


Counsels for the Parties:
s/s Louis J. Johnson Jr.                                DATE: November 1 2020

Louis J. Johnson Jr.
The Khwaja Omer Law Offices, PLLC
110 Wall Street, 3rd Floor
New York, New York 10005
(917) 574-3081
okhwaja@tkolawoffices.com
ljohnson@louisjohnsonlaw.com

*Attorneys for Plaintiff*
*Shomial Ahmad*

Robert H. Stroup                                DATE: November 5, 2020
Robert H. Stroup
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100
(212) 627-8182 (fax)
rstroup@levyratner.com
*Attorneys for Defendants Professional Staff Congress*
*and Deborah Bell*

Granted.  With respect to sealing
requests, the parties shall comply
with this Court's Individual
Practices and the ECF Rules and
Instructions.  11.17.20

_____
DENISE COTE
United States District Judge

9

SO ORDERED.


**IT IS SO ORDERED.**

Dated: November __, 2020                    _____

HON. DENISE COTE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW YORK**

| | |
|---|---|
| SHOMIAL AHMAD,<br><br>    Plaintiff,<br>    v.<br><br>PROFESSIONAL STAFF CONGRESS and<br>DEBORAH BELL,<br><br>    Defendants. | Civil Action No.: 1:20-cv-02702-DLC<br><br>AGREEMENT TO BE BOUND BY<br>DISCOVERY CONFIDENTIALITY<br>ORDER |

_____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address of my

present employment is _____.

3.      My      present      occupation      or      job      description      is

_____.

4.      I have carefully read and understood the provisions of the Discovery Confidentiality

Order in this case signed by the Court, and I will comply with all provisions of the Discovery

Confidentiality Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Discovery

Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of

Confidential Information disclosed to me.

6.      I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential Material and

summaries, abstracts, and indices thereof which come into my possession, and documents or things which I

have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____                        _____

                                      [Name]